IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FERRARE PIPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:24-cv-01131-L-BT |
| § | |
| NISSAN MOTOR ACCEPTANCE § | |
| CORPORATION and NISSAN NORTH § | |
| AMERICA INC. § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 11) and Defendants' Motion to Dismiss (ECF No. 16). For the reasons discussed below, the District Judge should **DENY** both motions.

## BACKGROUND

Plaintiff Piper Ferrare, proceeding *pro se*, brings this civil action against Defendants Nissan Motor Acceptance Corporation and Nissan North America Inc. alleging employment discrimination under Title VII of the Civil Rights Act of 1964. *See* Am. Compl. (ECF No. 6) (filed May 21, 2024). A month after filing her amended complaint, Plaintiff filed a Motion for Default Judgment against Defendants, which was construed as a combined request for entry of default and motion for default judgment. *See* Mot. Def. J. (ECF No. 11). The Clerk of the Court "decline[d] to enter default" because service did not appear to comply with the

1

requirements of Federal Rule of Civil Procedure 4. (ECF No. 12). The next day, Defendants "specially appeared for the limited purpose" of submitting its response in opposition to Plaintiff's motion, arguing that they had not been served and thus the motion should be denied. Def. J. Resp. 1–3 (ECF No. 13). On August 22, 2024, Defendants moved to dismiss under Rule 12(b)(5) for failure to properly effect service of process within 90 days of filing suit. Mot. Dismiss ¶ 7 (ECF No. 16). A few days later, Plaintiff filed a collection of documents allegedly showing that service of process was complete. *See* Summons Returned Executed (ECF No. 17). On September 16, she also filed her Response to Defendants' Motion to Dismiss (ECF No. 18), and Defendants filed their Reply on September 30 (ECF No. 19).

## LEGAL STANDARDS AND ANALYSIS

### A. Plaintiff's Motion for Default Judgment

"Default judgments are a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citing Wright & Miller § 2681). And the Fifth Circuit has a strong "policy in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

There is a three-step process for obtaining a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A defendant defaults by "fail[ing] to plead or otherwise respond to

2

the complaint within the time required by the Federal Rules." *Id.* Thus, a defendant must have been served with the summons and complaint for a default judgment to be proper. *See Grigg v. McKey*, 2024 WL 4270978, at *2 (E.D. Tex. Aug. 16, 2024) (finding default judgment inappropriate when "[p]laintiff had not served [d]efendant with summons at the time of the Motion for Default Judgment"), *rec. accepted*, 2024 WL 4267932 (E.D. Tex. Sept. 23, 2024).

Here, Plaintiff's Motion for Default Judgment should be DENIED. As discussed below, Defendants are not in default because they have not been properly served, and—for this very reason—the Clerk of the Court declined to enter default. Without service or an entry of default, Plaintiff cannot get a default judgment. *Hunsinger v. Multi Hous. Tr. LLC*, 2021 WL 3930040, at *2 (N.D. Tex. Aug. 5, 2021) ("Hunsinger's failure to obtain an entry of default against the defendant is reason alone to deny his request for default judgment."); *Coleman v. FEMA*, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019) ("Without a prior entry of default, a party has no basis to seek a default judgment.").

### B. Defendants' Motion to Dismiss Under Rule 12(b)(5)

Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per

curiam) (citations omitted). "To establish good cause, a [plaintiff] must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Importantly, a plaintiff's *pro se* status does not excuse the failure to properly effect service. *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Federal Rule of Civil Procedure 4 provides directions for proper service. Rule 4(e) allows service upon a defendant by: (1) serving the defendant pursuant to state law; (2) "delivering a copy of the summons and of the complaint to the individual personally;" (3) "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(e). In addition, a corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Id.* at 4(h).

Because Plaintiff paid the statutory filing fee, she is responsible for properly serving Defendants with a summons and complaint as required by Rule 4. However, her first attempt at service was invalid because she herself mailed Defendants a copy of the summons and her Amended Complaint. *See* Mot. Dismiss

Ex. A & B (ECF No. 16-1 & 16-2). A party to a lawsuit is not permitted to serve process for that case, by mail or otherwise. *See Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015) (citing Fed. R. Civ. P. 4(c)(2) and Tex. R. Civ. P. 103). Rather, service must be made by a person who is over 18 years of age and who is neither a party to the lawsuit, Fed. R. Civ. P. 4(c)(2), nor interested in the outcome of the suit, Tex. R. Civ. P. 103. "There is no exception for *pro se* litigants." *Avdeef*, 616 F. App'x at 672 (citation omitted).

Her second attempt at service by mail is also ineffective because, even though she did not mail it herself, it was addressed to Defendants' outside litigation counsel at counsel's office. *See* Mot. Dismiss Ex. C (ECF No. 16-3); Summons Returned Executed 5–10 (ECF No. 17). But Defendants' counsel denies that he is an agent authorized to accept service on behalf of his clients. *See* Mot. Dismiss ¶ 16; Reply ¶ 7 & n.1. And "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *Chalmers v. City of Dallas*, 2014 WL 1778192, at *2 (N.D. Tex. May 5, 2014) (Godbey, J.); *see also Coleman v. Carrington Mortg. Servs., LLC*, 2020 WL 4723174, at *3 (E.D. Tex. July 27, 2020) (finding that plaintiff did not properly serve defendant by serving defendant's counsel), *rec. accepted*, 2020 WL 4698099 (E.D. Tex. Aug. 13, 2020); *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (unpublished) (per curiam) (ruling that service must be made to someone "actually authorized" to accept service instead of someone who merely knows what to do with the papers). Therefore, Plaintiff's claim that Defendants' counsel is the agent for

service lacks merit, and she has failed to demonstrate that she properly effectuated service.

Plaintiff also has not shown—or even attempted to show—good cause for her failure to properly serve Defendants. Rather, her arguments demonstrate a lack of knowledge regarding the rules, which does not establish good cause. *Sys. Signs Supplies*, 903 F.2d at 1013.

Nonetheless, the Court has not previously explained that Plaintiff's attempts at service of process were deficient or extended her deadline to effectuate proper service. *Cf. Styles v. McDonalds Rest.*, 2019 WL 2266636, at *5 (E.D. Tex. Jan. 28, 2019) (granting the defendant's Rule 12(b)(5) motion to dismiss as the court previously extended the plaintiff's deadline to serve and enumerated reasons why her previous service attempt was ineffective); *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 691–94 (5th Cir. 2008) (denying the plaintiff's extension to serve due to his "clear pattern of delay and neglect" in serving process despite prior warnings of dismissal). And in view of Plaintiff's allegation that she received her right to sue letter on February 11, 2024, Am. Compl. 9 (ECF No. 6), and the fact that she filed her original complaint on May 13, 2024, Compl. (ECF No. 3), the Court, in its discretion, should grant Plaintiff an extension of time to properly effectuate service. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d at 20, 21 (5th Cir. 1996) and Fed. R. Civ. P. 4(m) advisory committee's note (1993)) (noting that "[e]ven if the plaintiff lacks good cause, the court has discretionary power to extend the time for service"

6

and exercise of this discretionary power "may be warranted, for example, if the applicable statute of limitations would bar the refiled action") (cleaned up).

## RECOMMENDATION

The District Judge should **DENY** Plaintiff's Motion for Default Judgment (ECF No. 11) and Defendants' Motion to Dismiss under Rule 12(b)(5) (ECF No. 16). The Court should grant Plaintiff one last opportunity to properly serve Defendants within 30 days of the date that the District Judge accepts this Findings, Conclusions, and Recommendation.

**SO RECOMMENDED.**

January 8, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).